THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ M. BRUNET ET AL., Defendants and Appellants.

No. 5480. Argued January 29, 1935.—Decided February 28, 1935.

*Felipe Colón Díaz* for appellants. *R. A. Gómez, Prosecuting Attorney*, and *Luis Janer, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Five persons were prosecuted for a violation of section 137 of the Penal Code. The District Court of Ponce sentenced two of them to pay a fine of $10 and to be confined thirty days in jail and another to pay a fine of $5 and to be confined five days in jail.

Those convicted contend, on appeal, that the judgment should be reversed on the ground that the District Court of Ponce had no jurisdiction to entertain an appeal in the case because the Municipal Court of Juana Díaz was without original jurisdiction to try the case, since the facts alleged in the complaint constitute a felony.

The Prosecuting Attorney (*Fiscal*) agrees with the contention of the appellants and also requests the reversal of the judgment.

The complaint was made by a guardsman of the Insular Police, and states that on a certain date, in the town of Juana Díaz, which forms part of the municipal judicial district of that name, the defendants, knowing him to be a public officer of the Insular Police of Puerto Rico, duly uniformed, and while, in the discharge of the duties of his office, he and another policeman were about to arrest a certain person for a public offense of breach of the peace, they resisted, delayed and obstructed him in the discharge of the duties of his office, using force and violence, three of the defendants seizing him strongly by the arms, wresting from him his night stick, his cap, and his revolver, while the other two defendants seized the other policeman strongly by the arms and hair, also depriving him of his night stick.

Section 137 of the Penal Code imposes a punishment of imprisonment in jail for not more than one year, and a fine

not exceeding $5,000, when no other punishment is prescribed, on every person who wilfully resists, delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office. And section 84 of the same code provides that every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer in the performance of his duty, is punishable by fine not exceeding $5,000, and imprisonment in the penitentiary not exceeding five years. The offense defined and punished by section 84 is a felony, by reason of the penalty prescribed.

The difference between these two offenses is that mere resistance, delay, or obstruction of a public officer in the discharge or attempt to discharge any duty of his office suffices for the offense defined by section 137, whereas these same acts are punishable as a felony, under section 84, when force or violence is used to deter or prevent an executive officer from performing any duty imposed upon him by law. It has been so held by this court. *People* v. *Ramos*, 13 P.R.R. 325, and *People* v. *Lind*, 40 P.R.R. 745.

The judgment appealed from must be reversed, and the defendants acquitted of the offense of violating section 137 of the Penal Code.